**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| **LEO CHEN a/k/a YI HUNG CHEN,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SECURITY BENEFIT LIFE INSURANCE COMPANY, EDUCATED WEALTH CENTER, LLC, and JAMES DICKSON, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHN R. DICKSON,**<br><br>**Defendants.** | ) | **CIVIL ACTION NO.:** ____________ |

## NOTICE OF REMOVAL

Defendant Security Benefit Life Insurance Company ("Security Benefit") hereby removes the above-captioned action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. §§ 1441 and 1446. Removal is proper on the following grounds:

### I. The State Court Action

1. Plaintiff Leo Chen a/k/a Yi Hung Chen ("Plaintiff") commenced this civil action against Security Benefit in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida – a state court within this judicial district and division – by filing a complaint on June 10, 2022 (the "Complaint"). Plaintiff's Complaint has not yet been served on Security Benefit.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all other pleadings served on Security Benefit or included in the state court record are included in the attachments hereto at Exhibits 1 through 6.

3. Plaintiff has asserted a claim against Security Benefit sounding in negligence and is seeking a declaratory judgment in connection with an annuity contract issued by Security Benefit to John R. Dickson (the "Annuity"). *See* Ex. 1, Compl. ¶ 9.

## II. Subject Matter Jurisdiction

4. This action is properly removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There is Complete Diversity of Citizenship between Plaintiff and Defendants.

5. This action involves "citizens of different states." 28 U.S.C. § 1332(a)(1).

6. Security Benefit is a corporation organized and existing under the laws of Kansas with its principal place of business in Topeka, Kansas. Additionally, in the Complaint, Plaintiff states that Security Benefit "is a Kansas company, which does business in Palm Beach County, State of Florida." Ex. 1, Compl. ¶ 3. Accordingly, Security Benefit is a citizen of Kansas for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

7. To the best of Security Benefit's information, knowledge, and belief, Defendant Educated Wealth Center, LLC ("Educated Wealth") is organized and existing under the laws of the State of Delaware with its principal place of business located in West Palm Beach, Florida. Accordingly, Educated Wealth is a citizen of Delaware and Florida for purposes of diversity jurisdiction.

8. To the best of Security Benefit's information, knowledge, and belief, Defendant James Dickson, as the Personal Representative of John R. Dickson (the "Estate") is considered a citizen of the State of Florida. Plaintiff alleges in the Complaint that the Estate is "currently pending and being administered in the Probate Division of the Circuit Court, in and for Palm Beach County, Florida, *In re: Estate of John Richard Dickson*, Case No. 50-2021-CP-005120-XXXX-MB." Ex. 1, Compl. ¶ 4. The "legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C.A. § 1332(c)(2). Accordingly, because John R. Dickson was a citizen of Florida, his Estate is a citizen of Florida for purposes of diversity jurisdiction.

9. To the best of Security Benefit's information, knowledge, and belief, Plaintiff is not a citizen of Florida. In his Complaint, Plaintiff merely pleads that he is "an individual residing outside of Palm Beach County, Florida, who is otherwise *sui juris*." Ex. 1, Compl. ¶ 2.

10. Furthermore, a similar action involving the same Plaintiff and nearly identical factual allegations was successfully removed to the District Court for the Southern District of Florida in the case styled *Leo Chen a/k/a Yi Hung Chen v. National Western Life Insurance Company* and bearing case number 9:22-cv-80201-AMC (the "NWL Case"). Attached hereto as Exhibit 7 are true and correct copies of the *Notice of Removal* and the corresponding *Declaration of Walter J. Tache* that were filed in the NWL Case.[1] As with the instant Complaint, in the NWL Case, Plaintiff vaguely alleged that he is an individual residing outside of Palm Beach County, Florida. *See* Ex. 7, p. 2. The *Notice of Removal* and supporting declaration filed in the NWL Case

---

[1] Security Benefit respectfully requests that this Court take judicial notice of the docket and documents filed in the NWL Case, including the *Notice of Removal* and *Declaration of Walter J. Tache*, attached hereto as Exhibit 7, and the *Order Denying Remand*, attached hereto as Exhibit 8. *See* Fed. R. Evid. 201; *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999); *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994); *Allen v. Newsome*, 795 F.2d 934, 938 (11th Cir. 1986).

further state that Plaintiff's counsel, who also represents Plaintiff in this case, confirmed that Plaintiff is a resident of California, Guam, or Taiwan and is not a resident of Florida. *See* Ex. 7.

11. Plaintiff subsequently moved to amend his complaint in the NWL Case to add Educated Wealth and the Estate as defendants in the NWL Case and moved to remand the matter back to state court. Notably, Educated Wealth and the Estate are the two other defendants in this case. The Court denied Plaintiff's motion to remand, finding that complete diversity exists between Plaintiff and, *inter alia*, Educated Wealth and the Estate. A true and correct copy of the *Order Denying Motion to Remand* entered in the NWL Case is attached hereto as Exhibit 8.

12. Additionally, in a related case, which has been consolidated with the NWL Case, the Estate filed a crossclaim against Plaintiff in which it alleged that Plaintiff is a citizen of the State of California. *See Estate of John Dickson's Answer to Complaint and Crossclaim against Leo Chen*, attached hereto as Exhibit 9, Cross-cl. ¶ 3.[2] In his answer to the Estate's crossclaim, Plaintiff expressly admitted that he is a citizen of the State of California. *See Answer and Affirmative Defenses of Cross-Defendant, Leo Chen*, attached hereto as Exhibit 10, Answer ¶ 3.

13. Accordingly, complete diversity exists here between Defendants Security Benefit (a Kansas resident), Educated Wealth (a Delaware and Florida resident), the Estate (a Florida resident) and Plaintiff (a California resident). *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (finding complete diversity where "the citizenship of each plaintiff is diverse from the citizenship of each defendant").

14. There are no other parties to this action.

[2] Security Benefit respectfully requests that this Court take judicial notice of the docket and documents filed in Case No. 9:21-cv-81302-AMC pending in the United States District Court for the Southern District of Florida, including the *Estate of John Dickson's Answer to Complaint and Crossclaim against Leo Chen*, attached hereto as Exhibit 9, and the *Answer and Affirmative Defenses of Cross-Defendant, Leo Chen*, attached hereto as Exhibit 10. *See* Fed. R. Evid. 201; *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999); *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994); *Allen v. Newsome*, 795 F.2d 934, 938 (11th Cir. 1986).

15. Therefore, complete diversity of citizenship of the parties to this action exists, and removal is proper under 28 U.S.C. § 1332 and § 1441(b).

**B. The Amount in Controversy Exceeds $75,000.**

16. The amount in controversy in this action clearly exceeds the $75,000 jurisdictional threshold. 28 U.S.C. § 1332(a).

17. Under § 1446(c)(2), where "removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a)," as is the case here, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (noting "the sum claimed by plaintiff controls if the claim is apparently made in good faith").

18. In his Complaint, Plaintiff alleges that Security Benefit was negligent by failing to change the beneficiary of the Annuity from a third party to Plaintiff. *See* Ex. 1, Compl. ¶¶ 24-25. Additionally, Plaintiff seeks a declaratory judgment that Plaintiff is entitled to the Annuity's death benefit proceeds. *See* Ex. 1, Compl. ¶ 36.

19. As of June 27, 2022, the death benefit due and owing under the subject Annuity was $437,220.94. *See* R.Wells Decl., attached hereto as Ex. 11, ¶ 3.

20. Accordingly, this case satisfies the amount in controversy requirement for this Court to exercise diversity jurisdiction. 28 U.S.C. § 1332(a).

**III. <u>Procedural Requirements for Removal</u>**

21. Pursuant to 28 U.S.C. § 1441(a), this Notice of Removal is properly filed in the United States District Court for the Southern District of Florida, West Palm Beach Division, because this district and division embrace the forum in which this action was pending. 28 U.S.C. § 1441; 28 U.S.C. 124(a)(1).

22. The time within which Security Benefit was permitted to remove this action under 28 U.S.C. § 1446(b) has not expired. Security Benefit has not yet been served with the Complaint. Therefore, less than thirty days have passed since Security Benefit was served with the Complaint.

23. Written notice of the filing of this Notice of Removal is being promptly given to Plaintiff, and a Notice of Filing Notice of Removal to Federal Court is being filed with the clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, as required by 28 U.S.C. § 1446(d).

24. Pursuant to 28 U.S.C. § 1446(a) and this Court's Local Rule 7.2, true and correct copies of all process, pleadings, and orders in the state court action are attached hereto as **Exhibits 1 through 6**, which include: Exhibit 1 - Complaint; Exhibit 2 – Civil Cover Sheet; Exhibit 3 – Summons to Educated Wealth; Exhibit 4 – Summons to Security Benefit; Exhibit 5 – Receipt; and Exhibit 6 - Summons to Estate.

25. To the best of Security Benefit's information, knowledge, and belief, no defendants have been properly served with process of the complaint. Notwithstanding the foregoing, the Estate has joined in and consented to this removal. *See* the Estate's *Notice of Consent to Removal*, attached hereto as Exhibit 12.

26. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

27. Security Benefit reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Security Benefit Life Insurance Company prays that this Court will make any and all orders necessary to effect the removal of this action from the Circuit Court

of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and will prepare the true record of all proceedings that may have been had in the state court.

Dated: July 11, 2022.

Respectfully submitted,

*/s/ Elizabeth R. Brusa*
Elizabeth R. Brusa, Esq.
Florida Bar. No.: 125655
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 N. Tampa St., Suite 2200
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
Primary email: ebrusa@bradley.com
Secondary email: ddecker@bradley.com
*Counsel for Security Benefit Life Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on July 11, 2022, and served electronically to all parties registered through the Court's CM/ECF system and was served via U.S. Mail or electronic mail, as indicated, to the parties below:

*Via email*
James Forrest Miller
MILLER LEGAL PL
1665 Palm Beach Lakes Blvd.
Suite 101
West Palm Beach, FL 33401
jmiller@millerlegalpl.com

*Via email*
Blake S. Sando
COLE SCOTT & KISSANE
Dadeland Centre II Suite 1400
9150 S. Dadeland Boulevard
Miami, FL 33156
Blake.sando@csklegal.com

*Via email*
Brandon George Forgione
PANKAUSKI HAUSER PLLC
415 S. Olive Ave.
West Palm Beach, FL 33401
Brandon@phflorida.com

*/s/ Elizabeth R. Brusa*
Attorney